**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY F. SABATINI,**

> *Plaintiff,*

v.                                                                    **Case No.: 4:26cv246-MW/MJF**

**CORD BYRD, et al.,**

> *Defendants.*

_____/

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

This Court held a hearing of Plaintiff's emergency motion for preliminary injunction, ECF No. 2, on May 29, 2026. Notwithstanding the time-sensitive nature of Plaintiff's request and the extremely truncated briefing schedule for both sides, the parties' arguments were well briefed and well argued before this Court. For the reasons stated on the record at the hearing and summarized below, the motion, ECF No. 2, is **DENIED**.

This Court may grant a preliminary injunction only if Plaintiff shows that he has a substantial likelihood of success on the merits, irreparable injury will be suffered unless the injunction issues, the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and, if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam). "The preliminary

injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson Cty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567, 573 (11th Cir. 1974)).

Here, Plaintiff—an elected County Commissioner of Lake County, Florida—challenges Florida's requirement that he either submit his irrevocable resignation (effective at a later date) prior to the qualifying period for his anticipated run for Congress or face an immediate, irrevocable resignation of his position if he fails to do so. ECF No. 1 at 4 ("Plaintiff seeks declaratory and injunctive relief prohibiting Defendants from enforcing section 99.012, Florida Statutes, against him as a condition of qualifying as a candidate for the United States House of Representatives."). In the event Plaintiff submits his resignation by the deadline—today, May 29, 2026—he can set an effective date for the resignation for a specified future date. *See* § 99.012(4)(d), Fla. Stat. But, as noted above, if he fails to submit his resignation identifying the effective date, this "constitutes an automatic irrevocable resignation, effective immediately, from the office he . . . presently holds." *Id*. § 99.012(4)(f)1. Accordingly, whether or not he submits his resignation pursuant to section 99.012, if Plaintiff runs for Congress, he loses his seat as County Commissioner regardless of whether he wins his congressional election.

Plaintiff contends this resign-to-run scheme for congressional candidates violates the Qualifications Clause and the Elections Clause[1] of the United States Constitution and seeks a preliminary injunction prohibiting the Secretary of State and the Governor from enforcing it. Defendants contend the motion is due to be denied both for lack of standing and for failure to demonstrate a substantial likelihood of success on the merits.

As this Court noted on the record at the hearing, this Court agrees with the Secretary's argument that his role in the challenged scheme is purely ministerial. *See* § 99.012(4)(f)2.a.–b. (Requiring the Secretary to send a notice of automatic resignation in the event Plaintiff does not submit his resignation by the deadline). Accordingly, Plaintiff has not demonstrated standing for purposes of a preliminary injunction against the Secretary of State.

But this Court disagrees with Defendants' contention that the Governor has no role here. As discussed on the record, the Governor "shall fill by appointment any vacancy in state or county office for the remainder of the term of an appointive office, and for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the

---

[1] Plaintiff's complaint and motion for preliminary injunction focused solely on the Qualifications Clause, but he also raised the Elections Clause during the hearing. While the case law discussing both provisions overlaps to some extent, this Court is not persuaded that Plaintiff is substantially likely to succeed with respect to his argument that section 99.012 also exceeds the bounds of the Elections Clause.

3

next general election." Art. IV, § 1(f), Fla. Const. In other words, the Governor shall fill the vacancy created by Plaintiff's resignation, and an injunction prohibiting him from doing so would provide at least partial redress for Plaintiff's injury of losing his seat as a County Commissioner by operation of section 99.012. Accordingly, this Court is persuaded that the Governor is an appropriate party pursuant to *Ex parte Young*, and that Plaintiff has demonstrated standing for purposes of a preliminary injunction against him.

This Court recognizes that there was some discussion of other parties not before this Court against whom Plaintiff may also wish to pursue relief, but Plaintiff is not required to demonstrate that he can secure complete redress for purposes of demonstrating Article III standing. *Larson v. Valente*, 456 U.S. 228, 243 n.15 (1982) (noting that for Article III standing, a plaintiff "need not show that a favorable decision will relieve his *every* injury." (emphasis in original)). Here, partial redress is sufficient for purposes of standing against the Governor.

But that is not the end of the inquiry. As this Court noted on the record, the constitutionality of section 99.0211, Florida Statutes, is not before this Court. Nor has this Court determined that, in the event Plaintiff does not submit his resignation and instead proceeds under the automatic resignation provision, he is ultimately disqualified from running for Congress. Instead, this Court is asked to determine whether Plaintiff is substantially likely to succeed on the merits of his challenge to

4

the requirement that he either submit his resignation prior to the qualifications period or suffer the automatic, immediate, and irrevocable resignation of his County Commission position if he does not submit his resignation.

If this Court were writing on a blank slate, this Order would likely be different. But this Court must follow the binding case law interpreting and applying the Qualifications Clause to state statutes like the challenged statute now before this Court. That precedent includes the principles articulated in *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995)—namely, that a state law violates the Qualifications Clause "when it has the likely effect of handicapping a class of candidates and has the sole purpose of creating additional qualifications indirectly." *Id*. at 836. The Fourth Circuit aptly characterized *Thornton* and its progeny as reading the Qualifications Clause "to cover two types of government regulations: (1) laws that exclude or effectively exclude a candidate from the ballot . . . and (2) laws that publicly disadvantage certain political viewpoints on the face of the ballot." *Sharma v. Hirsch*, 121 F.4th 1033, 1040 (4th Cir. 2024) (citing *Thornton*, 514 U.S. at 831 and *Cook v. Gralike*, 531 U.S. 510, 524–25 (2001)).

Here, while this Court concludes that section 99.012 has the likely effect of handicapping a class of candidates—namely, state or local office holders, like Plaintiff, who plan to run for a Congressional term that overlaps with their current term of state or local office—this Court is not persuaded that the sole purpose of this

resign-to-run law is to create an additional qualification to run for Congress. In short, this Court is not persuaded that Plaintiff has demonstrated that he is substantially likely to succeed on the merits. Accordingly, his motion for preliminary injunction, ECF No. 2, is **DENIED**.

**SO ORDERED on May 29, 2026.**

> **s/Mark E. Walker**
> **United States District Judge**