**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

ANTHONY SABATINI,
        Plaintiff,

v.                                                    Case No. 4:26-cv-00246-MW-MJF

CORD BYRD, in his official capacity as
Secretary of State of Florida, and
RON DESANTIS, in his official capacity
as Governor of Florida,
        Defendants.
_____/

## AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Anthony Sabatini, by and through undersigned counsel,

sues Defendant Cord Byrd, in his official capacity as Secretary of State of

Florida, and Defendant Ron DeSantis, in his official capacity as Governor

of Florida, and alleges:

### INTRODUCTION

1.      This is a constitutional action to prevent Florida from enforcing its

"resign-to-run" law and related candidate-qualification provisions against

a candidate for the United States House of Representatives.  As written, the

law violates both the Qualifications Clause of the U.S. Constitution and

Article 10, Section 3 of the Florida Constitution.

2.      Plaintiff Anthony Sabatini is an elected Lake County Commissioner.

He intends to qualify next week as a candidate for the United States House

of Representatives in Florida's 2026 election cycle.

1

3.      Florida's 2026 qualifying period for candidates for Representative in Congress begins at noon on Monday, June 8, 2026, and ends at noon on Friday, June 12, 2026.

4.      Plaintiff's current term as Lake County Commissioner does not expire until November 2028. The congressional term Plaintiff seeks begins in January 2027. Thus, the terms overlap for purposes of section 99.012, Florida Statutes.

5.      Plaintiff has filed FEC paperwork for the congressional seat and intends to qualify as a candidate for the United States House of Representatives.

6.      The statutory ten-day deadline to submit a resignation under section 99.012, Florida Statutes, has now passed; Plaintiff did not submit a resignation letter under section 99.012, Florida Statutes.

7.      Plaintiff therefore now faces an unconstitutional choice: either resign from his elected county office before qualifying for Congress, accept the State's unlawful asserted automatic-resignation consequences upon qualification, or forgo qualifying for the United States House of Representatives altogether.

8.      Section 99.012, Florida Statutes, provides that an officer seeking certain overlapping terms must resign from the office presently held, that

the resignation is irrevocable, and that the resignation must be submitted before qualifying.

9.   Section 99.012(4), Florida Statutes, imposes the resignation requirement on officers who seek to qualify for federal office where the terms overlap.

10.   Section 99.012(6), Florida Statutes, provides that failure to submit a resignation when required constitutes an automatic irrevocable resignation, effective immediately, from the office presently held.

11.   Section 99.0211, Florida Statutes, creates a procedure for challenging candidacy based on statutory or constitutional qualification requirements.

12.   As applied to Plaintiff's candidacy for Congress, sections 99.012(4), 99.012(6), and 99.0211, Florida Statutes, operate together as an impermissible scheme to impose an additional qualification on a candidate for the United States House of Representatives.

13.   As applied to Plaintiff's candidacy for Congress, Florida's resign-to-run requirement and related candidate-qualification enforcement scheme are unconstitutional. The United States Constitution sets the exclusive qualifications for Members of the United States House of Representatives: age, citizenship, and inhabitancy. U.S. Const. art. I, § 2, cl. 2. A State may not add to, subtract from, evade, or indirectly supplement those

3

qualifications by imposing a state-law prerequisite to federal congressional candidacy.

14. The Supreme Court has squarely held that "the Constitution prohibits States from adopting Congressional qualifications in addition to those enumerated in the Constitution." *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 827 (1995).

15. This case presents the same constitutional defect. Florida cannot tell an otherwise constitutionally qualified congressional candidate that he must surrender an elected county office as the price of seeking federal office.

16. Florida likewise cannot convert Plaintiff's refusal to submit an unconstitutional resignation into a separate basis for automatic resignation, candidate disqualification, ballot exclusion, or other state-law consequence that burdens his candidacy for Congress.

17. Unless this Court acts, Plaintiff will be forced to choose between unconstitutional options: surrender his elected county office, accept the State's asserted automatic-resignation consequences upon qualification, or abandon his candidacy for Congress.

18. Plaintiff seeks declaratory and injunctive relief prohibiting Defendants from enforcing, recognizing, or giving effect to sections 99.012(4), 99.012(6), and 99.0211, Florida Statutes, against him as a

condition of qualifying as a candidate for the United States House of Representatives.

## *CONFLICT WITH FLORIDA CONSTITUTION*

19.    Furthermore, Florida's "resign-to-run" law is in violation of the state constitution.

20.    The Florida Constitution establishes the qualifications for office, the causes and procedures for removal from office, and the circumstances under which vacancies occur.

21.    Nothing in the Florida Constitution authorizes the Legislature to create a new statutory mechanism that automatically vacates a constitutional office, or treats any actions as a vacancy, based solely upon a candidate's decision to seek another office.

22.    By compelling resignation and creating a future vacancy by operation of statute, section 99.012 unlawfully adds a ground for forfeiture or vacancy of office not found in Article 10, Section 3 of the Florida Constitution.  Because the statute conflicts with the Florida Constitution, it is invalid and unenforceable. Unlike Arizona, whose resign-to-run requirement is expressly contained in its state constitution, Florida's resign-to-run law appears only in statute and has no constitutional foundation.

23.    Plaintiff was elected by the voters of Lake County to serve a fixed term as a county commissioner.  Plaintiff remains qualified to hold that

office.  Plaintiff has not resigned from office.  Plaintiff has not been impeached, removed, suspended, recalled, or otherwise lawfully separated from office.  Florida's Constitution specifically enumerates vacancy events, and the Legislature cannot simply create additional constitutional vacancies by statute.

## JURISDICTION AND VENUE

24.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

25.    This Court has jurisdiction under 28 U.S.C. § 1343 because Plaintiff seeks relief for the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States.  This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.  This Court also has supplemental jurisdiction over the related state-law claims contained herein under 28 U.S.C. § 1367.

26.    This Court has authority to grant preliminary and permanent injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

27.    Defendant Cord Byrd is sued in his official capacity as Florida Secretary of State for prospective declaratory and injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908).

6

28.    Defendant Ron DeSantis is sued in his official capacity as Governor of Florida for prospective declaratory and injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908).

29.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants perform their official duties in this District, the Florida Department of State and Division of Elections are located in Tallahassee, Florida, the Governor performs his official duties in Tallahassee, Florida, and the challenged statewide election-administration decision is made and enforced from this District.

### PARTIES

30.    Plaintiff Anthony Sabatini is a citizen and resident of Florida. He is an elected Lake County Commissioner and intends to qualify as a candidate for the United States House of Representatives in the 2026 election cycle.

31.    Defendant Cord Byrd is the Secretary of State of Florida. Defendant Byrd is sued only in his official capacity for prospective declaratory and injunctive relief.  Under Fla. Stat. 100.111(c):

> If such a vacancy occurs prior to the primary election but on or after the first day set by law for qualifying, the Secretary of State shall set dates for qualifying for the unexpired portion of the term of such office…
>
> The Secretary should be enjoined from setting dates in accordance with the "resignation" due to the unconstitutional nature of the resign-to-run-statute,

therefore Plaintiff has demonstrated standing for purposes of a preliminary injunction against the Secretary of State.

32.     Defendant Ron DeSantis is the Governor of Florida. He is responsible for the faithful execution of Florida law, including the challenged enforcement, recognition, or legal effect of section 99.012, Florida Statutes. Defendant DeSantis is sued only in his official capacity for prospective declaratory and injunctive relief.

## FACTUAL ALLEGATIONS

33.     Plaintiff currently serves as an elected Lake County Commissioner.

34.     Plaintiff's current county commission term expires in November 2028.

35.     Plaintiff intends to qualify as a candidate for the United States House of Representatives.

36.     Plaintiff has filed FEC paperwork for the congressional seat.

37.     The term for the United States House of Representatives seat Plaintiff seeks begins on January 3, 2027.

38.     Because Plaintiff's current county commission term continues into January 2027, Florida has treated, or will treat, Plaintiff as subject to section 99.012, Florida Statutes, unless this Court intervenes.

39.     Plaintiff does not currently hold another federal office and is not seeking to appear on the ballot for more than one office at the same

8

election. Rather, Plaintiff seeks to qualify for federal office while continuing to serve the local office to which he was elected unless and until federal law requires otherwise.

40.    Plaintiff is constitutionally qualified to serve in the United States House of Representatives. He satisfies the age, citizenship, and inhabitancy requirements set forth in Article I, section 2, clause 2 of the United States Constitution.

41.    Florida has no constitutional authority to require Plaintiff to resign from elected county office as an additional condition of qualifying as a candidate for Congress.

42.    Florida likewise has no constitutional authority to impose automatic-resignation consequences, disqualification consequences, ballot-access consequences, or other state-law consequences on Plaintiff because he refuses to comply with an unconstitutional state-law resignation demand as a condition of seeking federal office.

43.    The ten-day statutory resignation deadline under section 99.012 has now passed.

44.    Plaintiff did not submit a resignation letter under section 99.012.

45.    Plaintiff's injury is no longer merely prospective. The challenged statutory scheme now places Plaintiff in the position of either resigning

before qualifying, accepting the State's asserted automatic-resignation consequences upon qualification, or not qualifying for Congress at all.

46. Section 99.012(4), Florida Statutes, requires certain officers seeking federal office to resign when the terms overlap.

47. Section 99.012(6), Florida Statutes, provides that failure to submit a resignation when required constitutes an automatic irrevocable resignation, effective immediately, from the office presently held.

48. Section 99.0211, Florida Statutes, creates a mechanism for challenging candidacy based on statutory or constitutional qualification requirements.

49. As applied to Plaintiff, sections 99.012(4), 99.012(6), and 99.0211 operate together as an unconstitutional scheme that imposes an additional state-law qualification on candidates for the United States House of Representatives.

50. Florida may not indirectly accomplish what the Qualifications Clause forbids directly by conditioning access to federal office on the surrender of a state or local office.

51. Florida may not use state statutory provisions governing resignation, automatic resignation, candidate qualification, ballot access, or candidacy challenges to impose requirements beyond those enumerated in Article I, section 2, clause 2 of the United States Constitution.

10

52.    Florida's resign-to-run requirement and related enforcement scheme, as applied here, burden Plaintiff's right to run for federal office, burden the associational and voting rights of Florida voters who support him, and impose an additional state-law qualification for Congress.

53.    Plaintiff has no adequate remedy at law. The qualifying period is imminent, the challenged requirement is irrevocable in practical effect, and monetary damages cannot remedy the loss of constitutional rights, ballot access, electoral opportunity, voter choice, or the threatened loss of elected office.

54.    The resign-to-run law violates Article X, Section 3 of the Florida Constitution, which provides that:

> "Vacancy in office shall occur upon the creation of an office, upon the death, removal from office, or resignation of the incumbent or the incumbent's succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residence required when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term."

These are the only grounds under which a vacancy shall occur in Florida, i.e., *Expressio unius est exclusio alterius*, "the expression of one thing is the exclusion of another."

### COUNT I — DECLARATORY RELIEF
### (Article I, Section 2, Clause 2; Supremacy Clause; 42 U.S.C. § 1983, and Article X, Section 3 of the Florida Constitution)

55.    Plaintiff re-alleges paragraphs 1 through 54.

56.    Article I, section 2, clause 2 of the United States Constitution establishes the exclusive qualifications for Members of the United States House of Representatives.

57.    Under *Powell v. McCormack*, 395 U.S. 486 (1969), and *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995), neither Congress nor the States may add qualifications for congressional office beyond those enumerated in the Constitution.

58.    Section 99.012(4), Florida Statutes, as applied to Plaintiff's congressional candidacy, operates as an additional qualification for Congress by requiring him to resign his current elected county office as a condition of qualifying for federal office.

59.    Section 99.012(6), Florida Statutes, as applied to Plaintiff's congressional candidacy, operates as an additional qualification for Congress by imposing automatic-resignation consequences on Plaintiff if he qualifies for federal office without submitting the resignation demanded by section 99.012.

60.    Section 99.0211, Florida Statutes, as applied to Plaintiff's congressional candidacy, is unconstitutional to the extent it authorizes any state-law challenge, disqualification, ballot-access consequence, or other enforcement mechanism based on Plaintiff's refusal to satisfy an unconstitutional additional state-law qualification for Congress.

61.    Florida's attempted enforcement, recognition, or legal effect of sections 99.012(4), 99.012(6), and 99.0211 against Plaintiff's congressional candidacy conflicts with Article I and is preempted by the United States Constitution under the Supremacy Clause.

62.    Defendants act under color of state law in administering, enforcing, recognizing, or giving legal effect to Florida's election laws.

63.    An actual, immediate, and justiciable controversy exists between Plaintiff and Defendants concerning whether Florida may require Plaintiff to resign his county commission seat, impose automatic-resignation consequences, or enforce related candidate-qualification consequences as a condition of Plaintiff qualifying for the United States House of Representatives.

64.    Plaintiff is entitled to a declaration that sections 99.012(4), 99.012(6), and 99.0211, Florida Statutes, are unconstitutional as applied to his candidacy for the United States House of Representatives.

65. Furthermore, the resign-to-run law violates Article X, Section 3 of the Florida Constitution, which provides that:

> "Vacancy in office shall occur upon the creation of an office, upon the death, removal from office, or resignation of the incumbent or the incumbent's succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residence required when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term."

13

These are the only grounds under which a vacancy shall occur in Florida, i.e., *Expressio unius est exclusio alterius*, "the expression of one thing is the exclusion of another."

## COUNT II — PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF
### (Against Byrd and DeSantis)

66.    Plaintiff re-alleges paragraphs 1 through 65.

67.    Plaintiff is substantially likely to succeed on the merits because Florida may not impose additional qualifications for congressional office beyond those fixed in Article I of the Constitution, or supplement and conflict with Article X, Section 3 of the Florida Constitution.

68.    Plaintiff will suffer irreparable injury absent immediate injunctive relief because he will be forced either to abandon his congressional candidacy, resign from his elected county office, or accept the State's asserted automatic-resignation consequences upon qualification.

69.    The threatened constitutional injury outweighs any harm to Defendants. Florida has no legitimate interest in enforcing an unconstitutional condition on congressional ballot access or in giving effect to an unconstitutional automatic-resignation scheme as applied to a candidate for Congress.

14

70. The public interest favors immediate injunctive relief because the public has a strong interest in constitutional elections, lawful ballot access, lawful limitations on state power, and voter choice.

71. Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting Defendants and all persons acting in concert with them from enforcing, recognizing, or giving legal effect to sections 99.012(4), 99.012(6), and 99.0211, Florida Statutes, against Plaintiff's candidacy for the United States House of Representatives.

<u>**REQUEST FOR RELIEF**</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this action;

B. Declare that section 99.012(4) and 99.012(6), Florida Statutes, are unconstitutional as applied to Plaintiff's candidacy for the United States House of Representatives;

C. Declare that the resign-to-run law violates Article 10, Section 3, of the Florida Constitution;

D. Declare that section 99.0211, Florida Statutes, is unconstitutional as applied to Plaintiff's candidacy for the United States House of Representatives to the extent it authorizes any state-law challenge, disqualification, ballot-access consequence, or other enforcement

15

mechanism based on Plaintiff's refusal to satisfy an unconstitutional additional state-law qualification for Congress;

E. Enter a preliminary injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from enforcing, recognizing, or giving legal effect to sections 99.012(4), 99.012(6), and 99.0211, Florida Statutes, against Plaintiff as a condition of qualifying for the United States House of Representatives;

F. Enter a permanent injunction prohibiting Defendants from requiring Plaintiff to resign from his Lake County Commission seat as a condition of qualifying as a candidate for the United States House of Representatives;

G. Enter a permanent injunction prohibiting Defendants from treating Plaintiff as automatically resigned from his Lake County Commission seat based on his candidacy for, or qualification as a candidate for, the United States House of Representatives;

H. Require Defendants to accept, process, and treat as legally sufficient Plaintiff's congressional qualifying papers without requiring a resignation under section 99.012, Florida Statutes, provided Plaintiff otherwise satisfies all lawful qualifying requirements;

16

I. Award Plaintiff his reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

J. Grant all other relief the Court deems just and proper.

## VERIFICATION

I, Anthony Sabatini, declare under penalty of perjury that I have reviewed the foregoing Amended Verified Complaint for Declaratory and Injunctive Relief, and that the factual allegations concerning me, my current office, my intended candidacy, my FEC paperwork, my decision not to submit a resignation letter under section 99.012, Florida Statutes, the passing of the statutory resignation deadline, and the threatened application of Florida's resign-to-run law and related candidate-qualification provisions are true and correct to the best of my knowledge and belief.

Respectfully submitted,

/s/ Anthony F. Sabatini
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
SABATINI LAW FIRM, P.A.
1601 E. 1ST AVENUE
MOUNT DORA, FL 32757
T: (352)-455-2928
anthony@sabatinilegal.com

/s/ Gavin B. Rollins
GAVIN B. ROLLINS, ESQ.
FL BAR No. 1064417
gavin@sabatinilegal.com

17

SABATINI LAW FIRM, P.A.
1601 E. 1st AVENUE
MOUNT DORA, FL 32757
T: (352)-328-4892

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2026, I served a true and correct copy of the foregoing by email and/or CM/ECF on counsel for Defendants, the Florida Department of State, and Governor.

/s/ *Anthony F. Sabatini*

18